FILED

08/14/2024

Bowen Greenwood
CLERK OF THE SUPREME COURT
STATE OF MONTANA

Case Number: DA 23-0272

# SYNOPSIS OF THE CASE[1]

**2024 MT 178, DA 23-0272**: **PLANNED PARENTHOOD OF MONTANA and SAMUEL DICKMAN, M.D., on behalf of themselves and their patients,** Plaintiffs and Appellees, **v. STATE OF MONTANA and AUSTIN KNUDSEN, in his official capacity, and his agents and successors,** Defendants and Appellants.

The Montana Supreme Court has unanimously upheld a district court's decision that the Parental Consent for Abortion Act of 2013 (Consent Act) violated the fundamental right of a minor to control her body and destiny guaranteed by the right of privacy in Montana's Constitution and Montana Supreme Court precedent.

The Consent Act prevents a medical provider from performing an abortion on a minor unless the provider has first obtained notarized consent from a parent or legal guardian. The consent must follow a lengthy disclosure about the risks and hazards associated with obtaining an abortion; the rights of parents; it must include a physician declaration that the procedure and consent has been adequately explained to the minor and parent; and the parent or legal guardian is required to provide government issued proof of identity and written documentation that establishes the parent is the lawful parent of the minor.

Under Montana's Constitution, minors are afforded the same protections and fundamental rights as adults. Minors, like adults, have a fundamental right to privacy, which includes procreative autonomy and making medical decisions affecting his or her bodily integrity and health in partnership with a chosen health care provider free from governments interference. Minors have the same constitutional rights as adults unless specifically precluded by laws which enhance the protection of minors. While acknowledging the State's clear and compelling interests in protecting minors, the Court concluded that the State failed to make a clear showing that the Consent Act enhanced such protection, as the Constitution requires.

In addition to holding that the Consent Act violated a minor's fundamental right of privacy, six members of the Court concluded that the Consent Act also violated a minor's fundamental right to equal protection of the law because it imposes no corresponding limitation on a minor who carries her pregnancy to term. The unavailability of medical care to minors seeking an abortion who do not have parental consent discriminates against these minors because only they have their right to privacy infringed.

One justice would conclude that the classification for purposes of an equal protection analysis should be between minors who choose an abortion and adults who choose an abortion. Even under this classification, the Consent Act violated a minor's right to equal protection.

---

[1] This synopsis has been prepared for the convenience of the reader. It constitutes no part of the Opinion of the Court and may not be cited as precedent.